**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MAGALY GUADALUPE, individually and on
behalf of others similarly situated,

                        Plaintiff,

       vs.

LEOPOLD & ASSOCIATES, PLLC, a
New York professional limited liability company,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF**
**THE FAIR DEBT COLLECTION**
**PRACTICES ACT**

**JURY TRIAL DEMANDED**

**14 CV 5354**

**INTRODUCTION**

*JUDGE KARAS*

    1.    This is an action for damages arising from Defendant's violation of 15 U.S.C. §
1692 et seq. (the "FDCPA"). The FDCPA broadly prohibits unfair or unconscionable debt
collection methods; conduct which harasses, oppresses or abuses any consumer and any false,
deceptive or misleading statements made in connection with the collection of a debt. It also
requires debt collectors obtain and provide verification of the alleged debt upon receipt of a
timely dispute and to cease collection activity until it has done so. Here, Defendant's acts made
in connection with collection of an alleged debt failed to comply with one or more of the
requirements of the FDCPA.

**JURISDICTION AND VENUE**

    2.    This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and
15 U.S.C. §1692k.

    3.    Venue is proper in this District because the Defendant resides here, and a
substantial amount of the acts or events giving rise to the claims alleged herein occurred here.

## THE PARTIES

4.      Plaintiff, Magaly Guadalupe ("Plaintiff") is a natural person who resides in Bronx, New York.

5.      Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

6.      Defendant, Leopold & Associates, PLLC, ("Defendant") is a New York professional limited liability company whose principal office is located at 80 Business Park Drive, Suite 110, Armonk, Westchester County, New York 10504.

7.      Defendant is a law firm which regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## FACTS UNDERLYING PLAINTIFF'S CLAIM

8.      On or about June 7, 2013, Defendant sent or caused to be sent through the mail, a letter addressed to Plaintiff (the "June 7 letter"). The opening paragraph of the June 7 letter read as follows:

> "Our client, **Ocwen Loan Servicing, LLC ("Ocwen")** has referred your loan to us for foreclosure. While the foreclosure process has begun, you may still have foreclosure prevention alternatives available to you to avoid the disruption and damage to your credit that a foreclosure sale can cause – BUT YOU MUST CONTACT YOUR SERVICER IMMEDIATELY!" (emphasis in original).

The footer of both pages of the June 7 letter included the statement, "THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  Exhibit A.

9.      The June 7, 2013 letter was the initial communication between Plaintiff and Defendant, and was sent in connection with the collection of a debt. (See para.10, *supra*).

2

10.     Four days later, on or about June 11, 2013, Defendant sent or caused to be sent through the mail a second letter to Plaintiff at her home address in Bronx, New York (the "June 11 letter"). The opening paragraph of the June 11 letter read as follows:

> "Please be advised that this office has been retained by Ocwen Loan Servicing, LLC, servicing agent for Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2006-R2 to commence appropriate legal proceedings to foreclose the mortgage it holds on your home at 1449 Longfellow Rd., Bronx, NY 10459."

11.     The June 11 letter went on to read:

> "IF THIS MATTER IS NOT RESOLVED WITHIN 90 DAYS FROM THE DATE OF THIS NOTICE WAS MAILED, WE MAY COMMENCE LEGAL ACTION AGAINST YOU (OR SOONER IF YOU CEASE TO LIVE IN THE DWELLING AS YOUR PRIMARY RESIDENCE.)

> "IF YOU NEED FURTHER INFORMATION, PLEASE CALL THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES' TOLL-FREE HELPLINE AT 1-877-BANK-NYS (1-877-226-5697) OR VISIT THE DEPARTMENT'S WEBSITE AT HTTP://WWW.DFS.NY.GOV."

The footer of both pages of the June 11 letter included the statement, in bold print, **"THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED BY THIS OFFICE WILL BE USED FOR THAT PURPOSE."** Exhibit B.

12.     Plaintiff received no other communication from Defendant purporting to originate within five (5) days of the June 7 letter.

13.     Section 1692g(a) of the FDCPA states in pertinent part:

**(a) Notice of debt; contents.** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

> **(1)** the amount of the debt;

> **(2)** the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within 30 days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

14.   Neither the June 7 letter, nor the June 11 letter, disclosed the amount of the debt.

15.   Neither the June 7 letter, nor the June 11 letter, disclosed the name of the creditor to whom the debt is owed.

16.   Neither the June 7 letter, nor the June 11 letter, contained a statement that unless the consumer, within 30 days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

17.   Neither the June 7 letter, nor the June 11 letter, contained a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

18.   Neither the June 7 letter, nor the June 11 letter, contained a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

19.    Neither the June 7 letter, nor the June 11 letter, complied with the requirements of 15 U.S.C. § 1692g(a). Both letters are merely mass produced, impersonal letters, containing no language specific to the Plaintiff, other than her name. The letters, written on attorney letterhead, and in the case of the June 11 letter, signed by an attorney, are meant to convey the impression of meaningful attorney involvement in a pending legal action when, in fact, no attorney has conducted a meaningful review of the account.

20.    Despite Defendant's failure to comply with the requirements of 15 U.S.C. § 1692g(a), Plaintiff, on July 5, 2013, sent a letter to Defendant in response to Defendant's letters of June 7 and June 11 (the July 5 letter).

21.    The July 5 letter included the following: "I **disagree** with the claim of Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2006-R2." (emphasis added).   Exhibit C.

22.    In the absence of the statutory advisory required by § 1692g(a), and, consequently, unsure how to proceed further, Plaintiff, in the July 5 letter, also requested information as to how she could dispute to Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Series 2006-R2.

23.    Section 1692g(b) of the FDCPA states in pertinent part:

**(b) Disputed debts**
If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

24.     On or about July 17, 2013, Defendant wrote the following in response to Plaintiff's July 5 letter:

"This firm represents Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Services, Inc., Asset Backed Pass-Through Certificates, Series 2006-R2. We are in receipt of your letter, dated July 5, 2013, in which you request information as to how to dispute our client's claim. Please be aware that we cannot advise you in this matter as it would be adverse to our client's interests.

"Should you wish to take advantage of any of the foreclosure alternatives outlined to you in our earlier correspondence, please contact Ocwen Loan Servicing, LLC. Additionally, you may wish to contact one of the Government Approved Housing Counseling Agencies on the list previously sent to you, or obtain your own counsel."

(the July 17 letter).   Exhibit D.

25.     The footer of both pages of the June 11 letter included the statement, "THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED BY THIS OFFICE WILL BE USED FOR THAT PURPOSE."

## CLASS ALLEGATIONS

26.     Plaintiff also brings this action on behalf of a class, consisting of: (i) all individuals with addresses in the State of New York (ii) who received letters materially similar to Defendant's letters of June 7 and June 11, (iii) which failed to provide written notice to the consumer as required by 15 U.S.C. § 1692g, (iv) wherein the body of those letters suggest meaningful attorney review of the account (v) when, in fact, there was no such review.

27.     Plaintiff, upon information and belief that there are more than fifty (50) such individuals to whom Defendant sent a letter or letters materially similar the June 7 and or June 11 letters.

28.     The identities of all class members are readily ascertainable from the Defendant's own records and other records within the Defendant's care, custody, or control.

6

29.     Excluded from the Class is the Defendant and all officers, members, partners, managers, director, and employees of the Defendant and their respective families, and legal counsel for all parties to this action and all members of their immediate families.

30.     There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's communications, those materially similar to the letters of June 7 and/or June 11, violate the FDCPA as enumerated herein.

31.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

32.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the whether the letters at issue violate the FDCPA by virtue their inference of meaningful attorney review when, in fact, no attorney had in fact review the individual circumstances of Plaintiff's account.

33.     The Plaintiff will fairly and adequately protect the interests of the Class defined herein. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorney have any interests which might cause them not to vigorously pursue this action.

34.     The named Plaintiff, Magaly Guadalupe, should be named a class representative and her counsel, Abraham Kleinman, should be appointed class counsel.

## COUNT I

### *The Defendant Violated 15 U.S.C. §§ 1692g and 1692g(b)*

35.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

36.     The Defendant violated one or more of 15 U.S.C. §§ 169g and 1692g(b) by failing to send consumers written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector.

37.     15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1000 in statutory damages, actual damages, and the costs of the action, together with a reasonable attorney's fee as determined by the court.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of the Plaintiff and against Defendant for:

(a)     Statutory damages pursuant to 15 U.S.C. § 1692k;

(b)     Attorney's fees and costs of bringing this action;

(c)     Such other or further relief as the Court deems proper.

## COUNT II

### *The Defendant Violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10)*

38.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

39.     The Defendant Violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) by sending written communications, materially similar to Defendant's letters of June 7 and June 11. The letters constitute false, deceptive, and misleading in that these communications were neither

drafted by, nor received any meaningful review or involvement from, a licensed attorney prior to the mailing of said letters.

40.     15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1000 in statutory damages, the costs of the action, together with a reasonable attorney's fee as determined by the court, and; in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph § 1692k(a)(2)(A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of the Plaintiff and against Defendant for:

(a)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the First Plaintiff Class as previously set forth and defined *supra*;

(b)     An award of the maximum statutory damages for Plaintiff and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(c)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(d)     For such other and further relief as may be just and proper.

KLEINMAN LLC

Abraham Kleinman (AK-6300)
626 RXR Plaza
Uniondale, New York 11556-0626
Telephone     (516) 522-2621

9

**JURY DEMAND**

Plaintiff hereby demands trial by jury.

Abraham Kleinman (AK-6300)

# EXHIBIT A



# LEOPOLD
## & ASSOCIATES, PLLC

June 7, 2013

Magaly Guadalupe
1449 Longfellow Rd
Bronx, NY 10459

Reference Number: 7146111013

Dear Magaly Guadalupe:

### YOUR MORTGAGE LOAN HAS BEEN
### REFERRED TO OUR FIRM FOR FORECLOSURE

Our client, **Ocwen Loan Servicing, LLC ("Ocwen")** has referred your loan to us for foreclosure. While the foreclosure process has begun, you may still have foreclosure prevention alternatives available to you to avoid the disruption and damage to your credit that a foreclosure sale can cause - BUT YOU MUST CONTACT YOUR SERVICER IMMEDIATELY!

**YOU MAY STILL HAVE ALTERNATIVES**
You may have had an unexpected expense, loss of income, or another circumstance that has prevented you from making your mortgage payments. Regardless of your situation, foreclosure is usually the worst possible outcome.

You must provide information about your situation to **Ocwen** so that **Ocwen** can determine whether you qualify for temporary or long-term relief, including options that allow you to stay in your home (forbearance, repayment, modification) or leave your home while avoiding foreclosure (short sale, deed-in-lieu of foreclosure).

**YOU MUST ACT IMMEDIATELY!**
**Ocwen** may have previously sent you a letter advising you of possible alternatives to foreclosure, along with the documents for you to complete and return to **Ocwen** to be evaluated for these alternatives. If you did not receive or no longer have the documents, or have not returned all of the documents, please contact **Ocwen** immediately at: **1.877.596.8580** to obtain the documents.

Even if you have previously indicated that you are not interested in saving your home you can still be evaluated for alternatives to foreclosure.

Once **Ocwen** has evaluated your information, you will be contacted regarding options and next steps. If you need assistance, contact **Ocwen** at **1.877.596.8580.**

Leopold & Associates, PLLC / 80 Business Park Drive, Suite 110 / Armonk, NY 10504
Tel: 914-219-5787 / Fax: 914-206-4066

### THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT.
### ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

### SPECIAL NOTICE IN THE EVENT YOU HAVE FILED BANKRUPTCY

If you have received a Chapter 7 discharge under the Bankruptcy Code of the United States or if your mortgage is the type which has been discharged pursuant to a completed Chapter 13 plan, this notice is not intended and does not constitute an attempt to collect a debt against you personally. If the foregoing applies to you, this notice is sent to you only as a preliminary step to a foreclosure on the mortgage against the above-referenced property. Provisions may be contained within your mortgage/deed of trust that require notice prior to foreclosure. As such, this is not an attempt to assert that you have any personal liability for this debt.

In addition, if you have recently filed a petition under the Bankruptcy Code, this notice has been sent to you because Ocwen has not been notified of your bankruptcy case. If the foregoing applies to you, it is IMPORTANT that you or your bankruptcy attorney contact us immediately and provide us with the following information: date and jurisdiction of your filing, your case number and the bankruptcy chapter number under which you have filed.

f you have not recently filed bankruptcy or received a bankruptcy discharge, you are hereby notified that this letter is an attempt to collect a debt. All information obtained will be used for that purpose. The debt is owed to Ocwen as the owner or servicer of your home loan and mortgage.

Sincerely,

LEOPOLD & ASSOCIATES, PLLC

THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# EXHIBIT B

# LEOPOLD & ASSOCIATES, PLLC

### Michael Frascarelli, Esq.

80 Business Park Drive, Suite 110
Armonk, NY 10504-1705
Phone: 914-219-5787
Fax: 914-206-4066
mfrascarelli@leopoldassociates.com

June 11, 2013

VIA FIRST CLASS
VIA CERTIFIED MAIL (RETURN RECEIPT REQUESTED)
CERTIFIED NUMBER # 7012 1010 0003 6501 4924

Magaly Guadalupe
1449 Longfellow Rd
Bronx, NY 10459

> Re:   Magaly Guadalupe
> Property: 1449 Longfellow Rd, Bronx, NY 10459
> Loan #7146111013

Dear Magaly Guadalupe:

Please be advised that this office has been retained by Ocwen Loan Servicing, LLC, servicing agent for the Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-R2 to commence appropriate legal proceedings to foreclose the mortgage it holds on your home at 1449 Longfellow Rd, Bronx, NY 10459.

YOU COULD LOSE YOUR HOME. PLEASE READ THE FOLLOWING NOTICE CAREFULLY.

AS OF June 11, 2013, YOUR HOME LOAN IS 223 DAYS IN DEFAULT. UNDER NEW YORK STATE LAW, WE ARE REQUIRED TO SEND YOU THIS NOTICE TO INFORM YOU THAT YOU ARE AT RISK OF LOSING YOUR HOME. YOU CAN CURE THIS DEFAULT BY MAKING THE PAYMENT OF $20,069.30 BY 08/06/2013.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED BY THIS OFFICE WILL BE USED FOR THAT PURPOSE.**

IF YOU ARE EXPERIENCING FINANCIAL DIFFICULTY, YOU SHOULD KNOW THAT THERE ARE SEVERAL OPTIONS AVAILABLE TO YOU THAT

MAY HELP YOU KEEP YOUR HOME. ATTACHED TO THIS NOTICE IS A LIST OF GOVERNMENT APPROVED HOUSING COUNSELING AGENCIES IN YOUR AREA WHICH PROVIDE FREE OR VERY LOW-COST COUNSELING. YOU SHOULD CONSIDER CONTACTING ONE OF THESE AGENCIES IMMEDIATELY. THESE AGENCIES SPECIALIZE IN HELPING HOMEOWNERS WHO ARE FACING FINANCIAL DIFFICULTY. HOUSING COUNSELORS CAN HELP YOU ASSESS YOUR FINANCIAL CONDITION AND WORK WITH US TO EXPLORE THE POSSIBILITY OF MODIFYING YOUR LOAN, ESTABLISHING AN EASIER PAYMENT PLAN FOR YOU, OR EVEN WORKING OUT A PERIOD OF LOAN FORBEARANCE. IF YOU WISH YOU MAY ALSO CONTACT THE LOAN SERVICER DIRECTLY AT 1-877-596-8580 AND ASK TO DISCUSS POSSIBLE OPTIONS.

WHILE WE CANNOT ASSURE THAT A MUTUALLY AGREEABLE RESOLUTION IS POSSIBLE, WE ENCOURAGE YOU TO TAKE IMMEDIATE STEPS TO TRY TO ACHIEVE A RESOLUTION. THE LONGER YOU WAIT, THE FEWER OPTIONS YOU MAY HAVE.

IF THIS MATTER IS NOT RESOLVED WITHIN 90 DAYS FROM THE DATE THIS NOTICE WAS MAILED, WE MAY COMMENCE LEGAL ACTION AGAINST YOU (OR SOONER IF YOU CEASE TO LIVE IN THE DWELLING AS YOUR PRIMARY RESIDENCE.)

IF YOU NEED FURTHER INFORMATION, PLEASE CALL THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES` TOLL-FREE HELPLINE AT 1-877-BANK-NYS (1-877-226-5697) OR VISIT THE DEPARTMENT`S WEBSITE AT HTTP://WWW.DFS.NY.GOV

Very truly yours,

Michael Frascarelli

Enc.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED BY THIS OFFICE WILL BE USED FOR THAT PURPOSE.

# LIST OF GOVERNMENT APPROVED HOUSING COUNSELING AGENCIES IN YOUR AREA

### Bronx

| Housing Agency | Street Address | City, State Zip | Phone | Additional Information |
|---|---|---|---|---|
| American Debt Resources | 248C Larkfield Road | East Northport, NY 11731 | 1-800-498-0766 | |
| Asian Americans for Equality | 111 Division Street | New York, NY 10002 | 212-964-2288 | |
| Center for New York City Neighborhoods CNYCN | 74 Trinity Place, Suite 1302 | New York, NY 10006 | 646-786-0888 | Provides intake and direct referrals for more than 50 free, nonprofit housing counselors and legal service agencies throughout NYC |
| CHANGER | 402 Chestnut Street | Brooklyn, NY 11208 | 718-304-7753 | Appointment required |
| Greenpath | 3250 Westchester Avenue, Suite 111 | Bronx, NY 10461 | 888-776-6738 | Serving Bronx and northern Westchester county, Make appointments by phone first |
| Harlem Congregations for Community Improvement | 2854 Fredrick Douglass Boulevard | New York, NY 10039 | 212-281-4887 | |
| Housing Action Council | 55 South Broadway | Tarrytown, NY 10591 | 914-332-4144 | |
| Housing Action Council (located within the Preservation Co. of the Peekskill Area Health Center Office) | 55 Bank Street | Peekskill, NY 10566 | 914-734-8928 OR 914-734-8889 | |
| Legal Services of New York City - Bronx | 329 East 149th Street | Bronx, NY 10451 | 718-233-1384 | |
| Money Management International | 888 Grand Concourse, Suite 1-K | Bronx, NY 10451 | 888-845-5669 ext: 4120 | |
| Mount Hope Housing Company, Inc. | 2003-05 Walton Avenue | Bronx, NY 10453 | 718-299-7177 ext: 12 | |
| Neighborhood Housing Services of New York City - Homeownership Center 1 | 306 West 37th Street, 12th Floor | New York, NY 10018 | 718-230-7610 | NIS |
| Neighborhood Housing Services of North Bronx | 1451 East Gun Hill Road | Bronx, NY 10469 | 718-732-8151 | Serving southern Westchester and Bronx NIS |
| Neighborhood Housing Services of South Bronx | 200 East 161st Street | Bronx, NY 10452 | 718-992-5979 | |
| Neighborhood Initiatives Development Corp. (NIDC) | 2523 Olinville Avenue | Bronx, NY 10467 | 718-231-9800 ext: 13 | |
| New York ACORN Housing | 2-4 Nevins Street, 2nd Floor | Brooklyn, NY 11217 | 1-866-67-ACORN | |
| New York City Commission on Human Rights | 1932 Arthur Avenue, Room 203 A | Bronx, NY 10457 | 718-579-6900 | |
| Nos Quedamos / We Stay | P.O. Box 524369 Stadium Station | Bronx, NY 10452 | 718-585-2323 | |

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED BY THIS OFFICE WILL BE USED FOR THAT PURPOSE.**

| | | | |
|---|---|---|---|
| Office of the New York City Comptroller | 1 Centre Street, Room 835 | New York, NY 10007 | 212-669-4915 |
| The Parodneck Foundation | 121 6th Avenue, Rm. 501 | New York, NY 10021 | 212-431-9700 ext: 316 |
| West Bronx Neighborhood and Housing Resource Center | 3176 Bainbridge | Bronx, NY 10467 | 718-798-0929 |

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED BY THIS OFFICE WILL BE USED FOR THAT PURPOSE.**

# EXHIBIT C

MAGALY GUADALUPE
1449 LONGFELLOW RD
BRONX, NEW YORK 10459

July 5, 2013

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Michael Frascarelli, Esq.
Leopold & Associates PLLC
80 Business Park Dr., Suite 110
Armonk, New York  10504-1705

> Re:  **Magaly Guadalupe**
> Property:         **1449 Longfellow Road, Bronx, NY  10459**
> Loan Number:         **7146111013**

Dear Mr. Frascarelli:

Thank you for your June 7, 2013 and June 11, 2013 letters  I enclose copies of your letters.

I disagree with the claim of Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2006-R2.

Kindly write me and indicate how I can Dispute the claim of Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2006-R2.

I look forward to your written response.


Thank you,


Magaly Guadalupe

# EXHIBIT D

# LEOPOLD
## & ASSOCIATES, PLLC

July 17, 2013

VIA REGULAR MAIL

Magaly Guadalupe
1149 Longfellow Road
Bronx, New York 10459

> Re:   Magaly Guadalupe
>        Property:     1449 Longfellow Road, Bronx, New York 10459
>        Loan Number: 7146111013

Dear Ms. Guadalupe:

This firm represents Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2006-R2.  We are in receipt of your letter, dated July 5, 2013, in which you request information as to how to dispute our client's claim.  Please be aware that we cannot advise you in this matter as it would be adverse to our client's interests.

Should you wish to take advantage of any of the foreclosure alternatives outlined to you in our earlier correspondence, please contact Ocwen Loan Servicing, LLC.    Additionally, you may wish to contact one of the Government Approved Housing Counseling Agencies on the list previously sent to you, or obtain your own counsel.

Regards,

Sarah J. Greenberg, Esq.

Leopold & Associates, PLLC / 80 Business Park Drive, Suite 110 / Armonk, NY  10504
Tel: 914-219-5787 Ext. 133/ Fax: 914-206-4066

THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.